IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARGONAUT INSURANCE COMPANY,
an Illinois Corporation,

    Plaintiff,

v.                                    CASE NO. 8:22-cv-01417-TPB-TGW

SAFE ELECTRIC, LLC, a Florida limited
liability company, JESUS CASTRO, an
individual, and SULLY CASTRO, an
individual,

    Defendants.
_____/

## ORDER GRANTING ARGONAUT INSURANCE COMPANY'S MOTION FOR PRELIMINARY INJUNCTION TO COMPEL POSTING OF COLLATERAL

This matter is before the Court on "Argonaut Insurance Company's Motion for Preliminary Injunction to Compel Posting of Collateral," filed on July 20, 2022. (Doc. 14). Defendants filed a response in opposition on September 26, 2022. (Doc. 25). The Court heard argument of counsel on the motion on November 30, 2022. Having reviewed the motion, response, court file, and record, the Court finds as follows:

Argonaut Insurance Company ("Argo") has demonstrated that (1) there is a substantial likelihood it will prevail on the merits of its claims; (2) it has no adequate remedy at law; (3) it has suffered irreparable harm and injury; and (4) unless Defendants Safe Electric, LLC, Jesus Castro, and Sully Castro (collectively the

"Indemnitors") are enjoined as set forth herein, Argo will continue to suffer immediate and irreparable injury as a result of Indemnitors' actions.

The Court further finds that the threatened injury to Argo outweighs the potential injury this Order may cause to the Indemnitors and this Order is not adverse to the public interest. The Court is therefore of the opinion that Argo's Motion for Preliminary Injunction has merit, and the motion is granted.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Argonaut Insurance Company's Motion for Preliminary Injunction to Compel Posting of Collateral" (Doc. 14) is **GRANTED**.

(2) Indemnitors, jointly and severally, shall deposit collateral security with Argo in the amount of $1,448,569.07 within thirty (30) days from the date of this Order.

(3) All Indemnitors shall refrain from selling, transferring, alienating, or otherwise encumbering any of the Indemnitors' assets until such time as the requisite collateral is posted.

(4) Indemnitors shall render to Argo a full and complete accounting of all assets owned by them or in which they have an interest within thirty (30) days from the date of this Order.

(5) Indemnitors shall immediately permit Argo to have full access to the Indemnitors' books and records, including financial information such as bank and investment account statements and tax returns.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of December, 2022.

*/s/ Tom Barber*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**