UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARGONAUT INSURANCE COMPANY,
an Illinois Corporation,

    Plaintiff,

v.                                                  Case No. 8:22-cv-01417-TPB-TGW

SAFE ELECTRIC, LLC, a Florida limited
liability company, JESUS CASTRO, an
individual, and SULLY CASTRO, an
individual,

    Defendants.
_____/

**ORDER GRANTING IN PART ARGONAUT INSURANCE
COMPANY'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS
AND ORDERING DEFENDANTS TO SHOW CAUSE**

This matter is before the Court on "Argonaut Insurance Company's Motion for Civil Contempt and Sanctions" filed on February 7, 2023. (Doc. 45). Plaintiff Argonaut Insurance Company ("Argo") requests an order to show cause, arguing that Defendants Safe Electric, LLC, Jesus Castro, and Sully Castro are and have been in contempt of this Court's "Order Granting Argonaut Insurance Company's Motion for Preliminary Injunction to Compel Posting of Collateral" (Doc. 41), which compelled Defendants to:

    1)    jointly and severally, deposit collateral with the Argo in the amount of $1,448,569.07 by January 27, 2023;

    2)    refrain from selling, transferring, alienating, or otherwise encumbering

any of Defendants' assets until such time as the requisite collateral is posted;

3) render to Argo a full and complete accounting of all assets owned by them or in which they have an interest by January 27, 2023; and

4) immediately permit Argo to have full access to Defendants' books and records, including financial information such as bank and investment account statements and tax returns.

Argo's motion argues Defendants have entirely failed to comply with the Order. Argo further notes that Defendants are all in default. *See* (Docs. 43; 47; 48; 49; 50). Defendants failed to file a response to the motion, but counsel for Defendants appeared at a status conference on April 12, 2023, at which the motion was addressed.

Based on the showing of Argo, it appears to the Court that all Defendants have willfully and deliberately failed and refused to comply with the Order, and that they will not respond to these allegations of contempt unless compelled to do so. "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). "The district court has broad discretion in fashioning coercive remedies." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1062 (2d Cir. 1995). Accordingly, Argo's motion will be granted to the extent set forth below.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED, and DECREED**:

1. "Argonaut Insurance Company's Motion for Civil Contempt and Sanctions" (Doc. 45) is **GRANTED IN PART** and **DEFERRED IN PART**.

2. Defendants **SAFE ELECTRIC, LLC, JESUS CASTRO, and SULLY CASTRO, along with their counsel, are each ORDERED to personally appear before this Court on May 11, 2023, at 10:30 a.m., and then SHOW CAUSE**, if there is any, why they each should not be found in contempt of this Court for their deliberate and willful failure and refusal to obey this Court's Order dated December 28, 2022 (Doc. 41). Defendants should also be prepared to **SHOW CAUSE** as to why Argo should not be awarded all reasonable attorneys' fees and costs incurred as a result of Argo's effort to compel compliance with the December 28, 2022, Order.

3. The motion is otherwise **DEFERRED** and will be considered by the Court at the May 11, 2023, hearing.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of April, 2023.

                **TOM BARBER**
                **UNITED STATES DISTRICT JUDGE**