IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 22-cv-01417-TPB-TGW

ARGONAUT INSURANCE COMPANY,
an Illinois Corporation,

      Plaintiff,

v.

SAFE ELECTRIC, LLC, a Florida limited
liability company, JESUS CASTRO, an
individual, and SULLY CASTRO, an
individual,

      Defendants.
_____/

## ORDER GRANTING ARGONAUT INSURANCE COMPANY'S MOTIONS FOR CIVIL CONTEMPT AND SANCTIONS

This matter is before the Court on "Argonaut Insurance Company's Motion for Civil Contempt and Sanctions" (Doc. 45), filed on February 7, 2023, "Argonaut Insurance Company's Second Supplement to Motion for Civil Contempt and Sanctions" (Doc. 78), filed on November 15, 2023, and "Argonaut Insurance Company's Third Supplement to Motion for Civil Contempt and Sanctions" (Doc. 84), filed on January 16, 2024 (collectively, the "motion for contempt" or the "motion"). This Order applies only to Defendants Jesus Castro and Sully Castro, and it expressly does not apply to Defendant Safe Electric, LLC.[1] In the motion,

---

[1] All references herein to "Defendants" include only Jesus Castro and Sully Castro as individuals.

Argo applied to this Court for an order for Defendants to show cause as to why they should not be held in contempt for violation of this Court's Order of December 28, 2022 (Doc. 41) (the "injunction order"). The motion also asked the Court to hold Defendants in contempt and to impose an appropriate punishment.[2]

On December 28, 2022, following oral argument, the Court granted Argo's Motion for Preliminary Injunction to Compel Posting of Collateral (Doc. 14) and entered the injunction order. The injunction order compelled Defendants to:

1) jointly and severally, deposit collateral with Argo in the amount of $1,448,569.07 by January 27, 2023;

2) refrain from selling, transferring, alienating, or otherwise encumbering any of Defendants' assets until such time as the requisite collateral is posted;

3) render to Argo a full and complete accounting of all assets owned by them or in which they have an interest by January 27, 2023; and

4) immediately permit Argo to have full access to Defendants' books and records, including financial information such as bank and investment account statements and tax returns.

Following a show cause hearing, the Court entered a second order directing Defendants, jointly and severally, to fully comply with all aspects of the injunction order no later than June 25, 2023. (Doc. 62).

---

[2] The Court previously granted the February 7, 2023, motion in part and deferred ruling in part. (Doc. 59).

Defendants failed to comply not only with the injunction order but also with the second order. A second show cause order was issued on August 4, 2023, directing Defendants to produce "(1) their individual bank statements and investment account statements and tax returns for the last 5 years; (2) any individual financial statements covering the last 5 years; . . . and (3) all documents relating to any listing for sale or other attempts to sell any real estate owned by the individual Defendants after December 28, 2023." (Doc. 71).

The Court held a second show cause hearing on August 23, 2023. Defendants, minutes before the hearing, provided Argo with handwritten, incomplete personal financial statements and a copy of a draft divorce agreement. No other documents were provided, and counsel for Argo admitted the need for more documents but indicated he would need to investigate and review what had just been provided. (Doc. 74)

Following the second show cause hearing, Argo filed a second supplement with the Court on its motion for contempt, informing the Court that no other documents had been provided to Argo, despite the injunction and second order, and the specific request of counsel. (Doc. 78).

A third show cause order was issued on December 7, 2023. (Doc. 81). On January 16, 2024, Argo filed a third supplement on its motion for contempt, addressing the legal remedies available to the Court in cases of civil contempt. (Doc. 84). The Court held a hearing on January 17, 2024. Based on the evidence presented at the third show cause hearing, and the arguments of counsel, Argo's

motion for contempt will be granted to the extent set forth below:

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Argonaut Insurance Company's Motion for Civil Contempt and Sanctions" (Doc. 45), "Argonaut Insurance Company's Second Supplement to Motion for Civil Contempt and Sanctions" (Doc. 78), and "Argonaut Insurance Company's Third Supplement to Motion for Civil Contempt and Sanctions" (Doc. 84) are **GRANTED**.

2. Defendant Jesus Castro is hereby found in civil contempt for violation of this Court's Orders (Docs. 41; 62; 71) for failure to produce to Argo certain documents as follows:

    a. all documents relating to any listing for sale or other attempts to sell any real estate owned by Defendants after December 28, 2023 (Doc. 71);

    b. all records pertaining to the boat owned by Jesus Castro (Doc. 41); and

    c. all documents pertaining to the mortgage on the real property owned by Jesus Castro as of the date of the injunction order (Doc. 41).

3. Defendant Jesus Castro is **HEREBY FINED** $1,000.00 per day, payable to the Clerk of the Court, from the date of this Order until such time as he

has purged himself from such civil contempt by providing all such documents above to Argo.

    4.    It is **FURTHER ORDERED** that Argo shall be entitled to take an additional deposition of Jesus Castro, for no more than two hours.

    5.    It is **FURTHER ORDERED** that Defendants Jesus Castro and Sully Castro a/k/a Sully Vargas shall appear in person for all future hearings.

    6.    It is **FURTHER ORDERED** that attorney fees and expenses awarded to Argo shall be the subject of a later motion and/or motion for final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of February, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**