UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARGONAUT INSURANCE
COMPANY,

    Plaintiff,

v.                          CASE NO. 8:22-cv-1417-TPB-TGW

SAFE ELECTRIC, LLC,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came to be heard upon the Defendants' Motion for Miscellaneous Relief, specifically Relief from Judgment (Doc. 88) and Plaintiff's Second Motion for Sanctions and Contempt (Doc. 92), which were referred to me by United States District Judge Thomas P. Barber for a report and recommendation. An in-person hearing occurred on May 1, 2024.

I.

In this matter, the plaintiff seeks to recover its losses and expenses from the individual defendants, Jesus Castro and Sully Castro, as indemnitors of surety bonds issued by the plaintiff to the defendants.[1] Thus, the plaintiff filed a motion for

---

[1] As discussed in the plaintiff's motion, and further noted at the hearing, this matter has been stayed against the corporate defendant, Safe Electric, LLC, in light of its filing for bankruptcy.

1

preliminary injunction (see Doc. 14), which was granted by Judge Barber in December 2022 (see Doc. 41). Judge Barber ordered that the defendants be enjoined and required, in sum, that the defendants: (1) deposit collateral security with the plaintiff in the amount of $1,448,569.07 within 30 days of the order; (2) refrain from "selling, transferring, alienating, or otherwise encumbering" their asserts until the collateral is posted; (3) provide to the plaintiff a full and complete accounting of their owned assets and any assets they have an interest in within 30 days of the order; and (4) immediately provide the plaintiff full access to their books and records, including "bank and investment account statements and tax returns" (id., p. 2). Shortly thereafter, the plaintiff filed a motion for clerk's entry of default, which the Clerk subsequently entered (Docs. 47, 48, 49, 50).

In February 2023, the plaintiff filed a Motion for Sanctions and Civil Contempt (Doc. 45), in which it requested that the court determine whether the defendants should be held in contempt of court for violation of Judge Barber's order (Doc. 41). Following that motion, Judge Barber held multiple show cause hearings[2], there were supplemental filings by the plaintiff of the defendants' further violation of Judge Barber's order, and Judge Barber repeatedly directed the defendants to abide by both his prior, and subsequent, orders (see Docs. 46, 56, 59, 62, 64, 65, 71, 78, 81, 84, 87). Notably, at the most recent show cause hearing, Judge Barber

---

[2] Notably, though, Sully Castro failed to appear at a hearing, without explanation.

2

directed the defendants that they should be prepared to be taken into custody if they were deemed to be in contempt of court (Doc. 81).

Thus, following that hearing, Judge Barber issued an order (Doc. 87) that granted the plaintiff's initial Motion for Sanctions and Civil Contempt (Doc. 45) as well as its subsequent motions (Docs. 78, 84). In his order, Judge Barber stated that Jesus Castro was found in civil contempt for a failure to provide a litany of required documents and records to the plaintiff (Doc. 87, p. 4). Judge Barber further ordered that defendant Jesus Castro was to be fined $1,000.00 per day from the date of his order until the time he provides the required documents and records (id.). Subsequently, the parties filed the present motions, which were referred to me by Judge Barber for a report and recommendation.

II.

In the defendants' present motion, Jesus Castro requests that he be relieved from Judge Barber's judgment, stating that he and Sully Castro have complied with Judge Barber's order (Doc. 88). In response, the plaintiff avers that the defendants have not complied with the order. Thus, the plaintiff states that the information provided by the defendants is insufficient and, moreover, that it should not be required to subpoena other parties in order to obtain the requested information, as suggested by the defendants (Doc. 91). Further, as indicated, the plaintiff filed an additional motion for sanctions and civil contempt (Doc. 92). The crux of that motion is that the defendants impermissibly transferred and encumbered

3

a property, in violation of Judge Barber's order. Thus, Jesus Castro and Sully Castro filed for divorce on June 17, 2023, which was finalized in September 2023 (id., p. 5). Then, on November 6, 2023, a quit claim deed from Jesus Castro to Sully Castro was filed for a home property (id.). Shortly thereafter, Sully Castro applied for a homestead exemption on the home, thus encumbering the property (id.). Accordingly, as part of its motion, the plaintiff requests that the court direct the Polk County Clerk to invalidate the quit claim deed, thus reversing the title back to Jesus Castro (id., p. 11).

At the hearing, the defendants reiterated their belief that they had complied with Judge Barber's order. However, as acknowledged by defense counsel, the transfer of the property from Jesus Castro to Sully Castro, and subsequent encumbrance through the homestead exemption, is a clear violation of Judge Barber's order. That said, I expressed skepticism about this court's ability to order the Polk County Clerk to invalidate the quit claim deed. In response, plaintiff's counsel indicated that he merely seeks for the property to be unencumbered. Thus, plaintiff's counsel suggested that the court instead issue an order directing the defendants to reverse the homestead exemption, which presumably could be accomplished if Sully Castro agreed to transfer the property back to Jesus Castro. Further, plaintiff's counsel stated that once the property was no longer encumbered, he could then move forward with filing a motion for default judgment.

4

Defense counsel did not seem immediately amenable to this resolution, for reasons that were not entirely clear. For instance, defense counsel, confusingly, stated that the defendants might seek to nullify the divorce—which begs the question whether it was legitimate in the first place. Nevertheless, defense counsel requested a recess for an opportunity to discuss the matter with the defendants. After the first recess, defense counsel returned and reported that the defendants would not accept this resolution. I reiterated to defense counsel that the transfer and encumbrance of the property is a clear violation of Judge Barber's order and that not opting for the resolution could lead to bigger problems—including incarceration—down the line. Thus, the hearing, in essence, turned into a mediation conference, as defense counsel took two additional recesses. Eventually, defense counsel reported that the defendants would accept the resolution.

Accordingly, I instructed the parties that I would issue a report and recommendation to Judge Barber recommending that Sully Castro be ordered to transfer the property at issue back to Jesus Castro and otherwise ensure that the homestead exemption is reversed. Further, the plaintiff may file a motion to compel wherein it sets forth the exact documents and information it is still seeking and the defendants may file a response to the motion in which they identify why the plaintiff should not receive the requested items. Finally, I stated that I would recommend to Judge Barber that the $1,000.00 per day penalty against Jesus Castro be suspended from the time that the property is no longer encumbered to the time when the

defendants file a response to the plaintiff's forthcoming motion. Thus, in sum, I recommend that:

1. The Defendants' Motion for Miscellaneous Relief, specifically Relief from Judgment (Doc. 88) be **DENIED**.

2. That the Plaintiff's Second Motion for Sanctions and Contempt (Doc. 92) be **GRANTED**, however, only to the extent that the defendants, Jesus Castro and Sully Castro, have violated the terms of Judge Barber's order by encumbering the property at issue.

3. That defendant Sully Castro be **ORDERED** to transfer the property at issue back to Jesus Castro and otherwise ensure that the homestead exemption, encumbering the property, be reversed.

4. That within **14 days from the date of this report**, the plaintiff file a motion to compel, in which it sets forth the items it still seeks to obtain from the defendants. The defendants may file a response in the time set forth by the Local Rules.

5. That the $1,000.00 per day penalty against Jesus Castro be **STAYED** from the time when the property at issue is no longer encumbered to the time when the defendants' file a response to the plaintiff's forthcoming motion.

Respectfully submitted,

_Thomas G. Wilson_
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: May _1_, 2024.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.