UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARGONAUT INSURANCE
COMPANY,

    Plaintiff,

v.                                    Case No. 8:22-cv-1417-TPB-TGW

SAFE ELECTRIC, LLC, et al.,

    Defendants.
_____/

**ORDER ADOPTING IN PART AND MODIFYING
IN PART REPORT AND RECOMMENDATION**

This matter is before the Court on the report and recommendation of United States Magistrate Judge Thomas G. Wilson entered on May 1, 2024.  (Doc. 97).  Judge Wilson recommended denying Defendants' "Motion for Relief from Judgment" (Doc. 88) and granting in part "Argonaut Insurance Company's Second Motion for Civil Contempt and Sanctions" (Doc. 92).  No objections have been filed and the time to do so has passed.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); *Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982).  A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made."  28 U.S.C. § 636(b)(1)(C).  When no objection is filed, a court reviews the report and recommendation for clear error.

*Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

Upon due consideration of the record, including Judge Wilson's report and recommendation, the Court adopts the report and recommendation with two modifications based on events that occurred after the report and recommendation was issued. Specifically, Judge Wilson recommended that Plaintiff be directed to file a motion to compel within 14 days of the filing of the report and recommendation, and that the $1,000 per day penalty imposed on Jesus Castro be stayed from the time when the property at issue is no longer encumbered to the time when Defendants filed their response to Plaintiff's motion to compel. Plaintiff thereafter filed its motion to compel, rendering moot any direction that it do so. *See* (Doc. 98). Defendants, however, failed to respond to the motion to compel (which Judge Wilson then granted). (Doc. 99). Accordingly, to the extent a stay of the $1,000 per day penalty was triggered, any such stay expired on May 24, 2024, the day on which Defendants' response to the motion to compel was due.

Consequently, Defendants' "Motion for Relief from Judgment" (Doc. 88) is denied and "Argonaut Insurance Company's Second Motion for Civil Contempt and Sanctions" (Doc. 92) is granted in part, as set forth below.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)    Judge Wilson's report and recommendation (Doc. 97) is **AFFIRMED** and **ADOPTED IN PART** and **INCORPORATED BY REFERENCE** into this

Order for all purposes, including appellate review, with the modifications set forth herein.

(2) Defendants' "Motion for Relief from Judgment" (Doc. 88) is **DENIED.**

(3) "Argonaut Insurance Company's Second Motion for Civil Contempt and Sanctions" (Doc. 92) is **GRANTED** to the extent that the defendants, Jesus Castro and Sully Castro, have violated the terms of this Court's order by encumbering the property at issue.

(4) Defendant Sully Castro is **ORDERED** to transfer the property at issue back to Jesus Castro and otherwise ensure that the homestead exemption encumbering the property be reversed.

(5) The $1,000 per day penalty against Jesus Castro is **STAYED** from the time the property at issue is no longer encumbered to May 24, 2024, the date on which Defendants' response to Plaintiff's motion to compel (Doc. 98) was due.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of June, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE